<a>
</a>



FILED
MAR - 4 2009
CLERK, U.S. DISTRICT
ALEXANDRIA

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| Vincent Thomas Rivers, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:08cv715 (GBL/TRJ) |
| ) | |
| Gene M. Johnson, ) | |
|     Respondent. ) | |

### MEMORANDUM OPINION

THIS MATTER is before the Court on respondent Johnson's Motion to Dismiss petitioner Rivers' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case concerns the constitutionality of petitioner's probation revocation entered by the Circuit Court for the City of Norfolk, Virginia. As both of petitioner's claims are procedurally defaulted and therefore barred from federal review, the instant petition will be dismissed.

### I. Background

On September 29, 2003, petitioner was found guilty of one count of grand larceny and two counts of statutory burglary in the Circuit Court for the City of Norfolk. Petitioner was sentenced on December 5, 2003 to five years of imprisonment on the grand larceny charge with three years suspended, and five years of imprisonment on each statutory burglary charge with all time suspended on both. Following his term of incarceration, petitioner was arrested for and found guilty of violating the terms of his probation. On August 12, 2005, the Circuit Court for the City of Norfolk ordered that all of petitioner's suspended time be served, for a total of thirteen years of imprisonment. Probation Revocation Tr. 20. Petitioner appealed his sentence to the Court of Appeals of Virginia, arguing that the trial court erred in revoking his entire

suspended sentence. Rivers v. Commonwealth, R. No. 2146-05-1 (Va. Ct. App. Mar. 2, 2006). The court denied the petition, finding that petitioner failed to demonstrate that the trial court abused its discretion in revoking the suspended sentences. Id. Petitioner appealed to the Supreme Court of Virginia, which refused the petition for appeal on July 25, 2006. Rivers v. Commonwealth, R. No. 060621 (Va. July 25, 2006).

Petitioner then filed a petition for a writ of habeas corpus in the Circuit Court for the City of Norfolk. Rivers v. Johnson, R. No. L-07-4581 (Va. Cir. Ct. Nov. 1, 2007). Petitioner raised three claims, all regarding the validity of his sentence. Id. First, petitioner argued that the trial court lacked jurisdiction to revoke his sentence because the capias issued against petitioner did not properly list the case numbers for the sentences that were being revoked. Id. The court found that this claim was procedurally defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), because it could have been raised at trial and on appeal, and therefore was not cognizable in a state habeas petition. Id. The court also determined that even if it were not procedurally defaulted, petitioner's claim still would fail. Id. The court explained that although petitioner cast his claim as a jurisdictional one, petitioner was entitled only to notice of the proceedings against him such that he could defend against the charges. Id. The court found that petitioner had adequate notice of the proceedings against him and that his previously suspended sentences would be the subject of the revocation hearing. Id. The fact that the clerk's office administratively reassigned case numbers at the end of the original case not did deprive petitioner of the notice that was required. Id.

Second, petitioner claimed that the revocation was void because there was no evidence that the underlying crimes occurred in Virginia. Id. The circuit court found this claim was time-

barred, as petitioner was attacking the original conviction from 2003. Id. Under the statute of limitations governing habeas petitions in Virginia, a petitioner has two years from the date of the sentencing order or one year after the direct appeal is concluded to file his petition, whichever is longer. Id.; see also Va. Code Ann. § 8.01-654(A)(2). Because more than two years had passed since petitioner's original conviction and sentencing, the claim was time-barred. Id. The court also found that even if the claim were not time-barred, petitioner's claim would be without merit. Id. Petitioner pled guilty, and the court found that his plea was sufficient to establish the jurisdiction of the court. Id. The indictment, the warrants, and the stipulation of facts filed with petitioner's guilty pleas all stated that the offenses occurred in Norfolk, therefore, petitioner's claim was without merit. Id.

Third, petitioner argued that the records did not show that the circuit court which revoked petitioner's probation was the same as the court which imposed his original sentence. Id. The court held that this claim also was procedurally barred pursuant to Slayton, and further that the claim was otherwise frivolous because the records demonstrated that the Circuit Court for the City of Norfolk was the court in which petitioner was convicted and had his probation revoked. Id.

Petitioner appealed the decision of the circuit court to the Supreme Court of Virginia, which refused the petition for appeal on April 24, 2008. Rivers v. Johnson, R. No. 080312 (Va. Apr. 24, 2008). Petitioner filed the instant petition on July 2, 2008, alleging that (1) the revocation order of the circuit court is void because the capias which initiated the revocation proceedings failed to list the suspended sentences as revoked, and (2) the orders revoking the suspended sentences are void because the trial record of the September 29, 2003 hearing fails to

3

prove that the offenses charged in the warrants occurred in the commonwealth of Virginia. Mem. to Pet. 6, 10. On October 27, 2008, respondent filed a Motion to Dismiss and a Brief in Support of the Motion, a Rule 5 Answer, and a Notice pursuant to Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner filed an Opposition to Respondent's Motion to Dismiss on November 21, 2008. Respondent filed a Reply to petitioner's Opposition on December 1, 2008, and petitioner filed an Opposition to the Reply on December 29, 2008. This case is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted.

## II. Procedural Default

The Court finds that Claims (1) and (2) of the instant petition are barred from federal review as a result of the state court's express finding of procedural default.[1] A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence.

---

[1] Although petitioner appealed the circuit court's decision to the Supreme Court of Virginia, the Supreme Court did not rule on the merits. However, the reasoning of the state habeas court is imputed to the Supreme Court of Virginia, which refused the petition for appeal. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Harris, 489 U.S. at 260.

Here, the circuit court dismissed Claim (1), labeled as Claim (a) in petitioner's state habeas petition, as procedurally defaulted pursuant Slayton because it was a claim that should have been raised at trial and on appeal, and petitioner's failure to do so meant that his claim was non-cognizable in his state habeas petition. Rivers, R. No. L007-4581. Additionally, the court dismissed Claim (2), labeled as Claim (b) in his state habeas petition, as procedurally defaulted because more than two years had elapsed since petitioner's original conviction, therefore his claim attacking that conviction was time-barred under Virginia Code § 8.01-654(A)(2). Id. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). The statute of limitations provision, found in Virginia Code § 8.01-654(A)(2) also constitutes an independent and adequate state procedural rule. See, e.g., Sparrow v. Dir. Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). As a result, Claims (1) and (2) of the instant petition are procedurally barred from federal review.

Where a petitioner's claims are barred from federal review, a federal district court may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350,

1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Although petitioner acknowledges respondent's argument that his claims are procedurally defaulted in his Opposition to respondent's Motion to Dismiss, and further acknowledges that he must either show cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, he fails to do so. Opp'n to Resp't Mot. to Dismiss 4. Instead, petitioner claims that "if a state court to which a claim is presented ignores a potential state procedural default and reaches the merits of the claim, federal courts may consider the claim." Opp'n to Resp't Mot. to Dismiss 4. Petitioner cites to Conaway v. Polk, 453 F.3d 567 (4th Cir. 2006), and Basden v. Lee, 290 F.3d 602 (4th Cir. 2002), in support of his argument, however, petitioner's understanding of these cases is misguided. The court in Conaway, relying on the decision in Coleman, held only that when a state court did not "clearly and expressly" rely on an independent and adequate state ground, a federal court could address the petition. 453 F.3d at 583. In Basden, although petitioner asserts that the court held that there was no procedural default where the state court ruled on the merits of the claim, the court specifically held that there was no procedural default where the claim was rejected on the merits alone. 290 F.3d at 615. Therefore, Basden is entirely distinguishable from petitioner's case, where the state court expressly found that both claims were procedurally defaulted.[2] As petitioner has not alleged cause and prejudice for excusing his default, nor has he shown that a miscarriage of justice would result from a lack of review, Claims (1) and (2) of the instant petition will be dismissed as procedurally barred from

---

[2] The Court notes that in addition to finding both claims procedurally defaulted, the circuit court also briefly addressed petitioner's claims on the merits. Although the circuit court undertook this additional analysis, it does not negate the court's findings of procedural default with regard to petitioner's claims, and this Court is not required to address either of petitioner's claims on the merits.

federal review.

## III. Conclusion

Because petitioner's claims are procedurally defaulted and thus barred from federal review, respondent's Motion to Dismiss will be granted. An appropriate Order shall issue.

Entered this 4th day of March 2009.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge